# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

3M Company and 3M Innovative
Properties Company,

                Plaintiffs,           **MEMORANDUM OPINION
AND ORDER**

     v.                   Civil No. 13-1741 ADM/LIB

Andover Healthcare, Inc.,

                Defendant.

_____

David J.F. Gross, Esq., and Theodore M. Budd, Esq., Faegre Baker Daniels LLP, Minneapolis, MN, on behalf of Plaintiffs.

Scott A. Benson, Esq., Briol & Associates, PLLC, Minneapolis, MN, and Andrew P. Gold, Esq., Akerman Senterfitt, Fort Lauderdale, FL, on behalf of Defendant.

_____

# I.  INTRODUCTION

On November 4, 2013, the undersigned United States District Judge heard oral argument on Defendant Andover Healthcare, Inc.'s ("Andover") Motion to Dismiss and/or to Transfer Venue [Docket No. 11].[1]  For the reasons set forth below, Defendant's Motion is granted and this case is dismissed.

# II.  BACKGROUND

Plaintiffs 3M Company and 3M Innovative Properties Company (collectively, "3M") are Delaware corporations.  Disclosure Statement of Pls. [Docket No. 2] ¶ 1.  3M and Andover both produce compression wrap bandage products.  Am. Compl. [Docket No. 5] ¶¶ 3-6.

_____

[1] The Court postponed its ruling based on a pending motion by 3M in the federal district court in Delaware to transfer venue of a related case from the District of Delaware to the District of Minnesota.  See Andover Healthcare, Inc. v. 3M Co., Case No. 13-00843-LPS (D. Del.) [Delaware Docket No. 11] (3M Motion to Transfer Venue).  Given the delay, this Court has now determined it is not necessary to further postpone ruling on Andover's motion.

In April, 2010, 3M filed suit against Andover (the "2010 Minnesota Action") alleging the product packaging and inserts for Andover's two-layer compression system directly copied those for 3M's two-layer compression system.  Id. ¶ 5.  The 2010 Minnesota Action alleged, inter alia, copyright infringement, trade dress infringement, false advertising, and violations of Minnesota consumer protection statutes.  Id.

Two months later, the parties settled the 2010 Minnesota Action and executed a Settlement Agreement and Release of Claims (the "Settlement Agreement").  Id. Ex. C.  Under the Settlement Agreement, the parties agreed to release all claims related to their respective compression products, provided the claims arose before the Settlement Agreement's Effective Date of June 2, 2010.  Settlement Agreement ¶ 6.  The release provision specifically states:

> In exchange for the terms of this Agreement, including but not limited to the warranties, representations and undertakings of Andover made in paragraphs 1-5 above and the mutual releases provided herein, each Party specifically releases, waives, and forever discharges the other Party, its successors in interest, its past, present and future assigns, officers, directors, subsidiaries, affiliates, insurers and underwriters, from any and all past claims, damages, demands, actions, liabilities and causes of actions, of every kind and character, whether asserted or unasserted, whether known or unknown, suspected or unsuspected, in law or in equity, for or by reason of any matter, cause or thing whatsoever related, in law or in equity, for or by reason of any matter, cause or thing whatsoever related to the Parties' respective compression products arising prior to the Effective Date.  3M further agrees that promptly upon execution of the Agreement by both Parties, 3M will take the necessary steps to dismiss the Action with prejudice.  The Parties each acknowledge and agree that this release does not extend to claims, demands, actions, liabilities, or causes of action arising after the Effective Date of this Agreement.

Settlement Agreement ¶ 6 (emphasis added).  As the final sentence of the release provision makes clear, the parties specifically agreed that only claims arising before the June 2, 2010,

Effective Date were released under the Settlement Agreement, and that "claims, demands, actions, liabilities, or causes of action arising after the Effective Date" were not released.  See id.

The Settlement Agreement also included a forum selection clause requiring any "action arising out of this Settlement Agreement" to be resolved in Minnesota:

> This Settlement Agreement shall be governed by, subject to and construed in accordance with the law of the State of Minnesota and applicable federal laws without regard to conflict of law principles. Any dispute or action arising out of this Settlement Agreement shall be resolved exclusively in the state or federal courts located in Hennepin or Ramsey County in the State of Minnesota. Both parties unconditionally submit to the personal jurisdiction and venue of such courts for the purposes of this Settlement Agreement.

Id. ¶ 12.

On May 14, 2013, Andover filed a patent infringement lawsuit against 3M in the United District Court for the District of Delaware (the "Delaware Patent Action") alleging that a line of 3M's compression products infringes Andover's U.S. Patent No. 6,156,424 ("the '424 patent"). See Andover Healthcare, Inc. v. 3M Co., Case No. 13-00843-LPS (D. Del.).  Andover alleges 3M has been infringing the '424 patent since June 3, 2010—the day after the Effective Date of the Settlement Agreement—by making, using, offering for sale, selling, or importing certain 3M compression products.  See Am. Compl. Ex. E (Amended Complaint in Delaware Patent Action) ¶ 9.

On July 3, 2013, 3M filed this action (the "Minnesota Contract Action") against Andover, alleging Andover breached the mutual release and forum selection clauses of the Settlement Agreement.  See generally Compl. [Docket No. 1].  3M alleges Andover breached the mutual release clause by asserting claims in the Delaware Patent Action that were released under the Settlement Agreement.  Am. Compl. ¶ 2.  Specifically, 3M argues that claims by Andover

relating to 3M products associated with multiple acts of infringement occurring both before and after the Effective Date of the Settlement Agreement were released under the Settlement Agreement.  For example, 3M contends that if the making of a 3M product (first act of infringement) occurred before the Effective Date, and then that product was later used (second act of infringement) and sold (third act of infringement) after the Effective Date, all the claims for infringement based on that particular 3M product were released under the Settlement Agreement, even though the later infringing acts occurred after the Effective Date.  See id.

3M alleges that Andover breached the Settlement Agreement's forum selection clause by filing and litigating the Delaware Patent Action.  3M argues the Delaware Patent Action raises a dispute over the scope of the claims released in the Settlement Agreement, and the forum selection clause requires disputes arising under the Settlement Agreement to be resolved exclusively in the state or federal courts located in Hennepin or Ramsey County, Minnesota.  Id. ¶ 185.

In addition to 3M's breach of contract claim, 3M seeks a declaratory judgment that 3M is not liable for any claims in the Delaware Patent Action that arose prior to the Settlement Agreement's June 2, 2010, Effective Date.  3M also seeks a declaration that Andover is forever barred from accusing 3M's compression products of infringing the '424 patent if the products were made, used, sold, offered for sale, imported into the United States prior to the Effective Date of the Settlement Agreement.  Id. ¶¶ 189-204.

Andover now moves to dismiss or transfer this case, arguing it involves the same parties and related issues as the Delaware Patent Action and is an attempt at forum shopping by 3M. Andover contends dismissal or transfer to Delaware is proper based on the "first-filed" rule,

4

which gives priority to the court which first acquired jurisdiction in cases of concurrent jurisdiction.  Andover also argues the breach of contract claim fails because the infringement claims alleged in the Delaware Patent Action are based on acts and conduct occurring after the Effective Date and were therefore outside the scope of the Settlement Agreement.  3M argues the forum selection clause of the Settlement Agreement trumps the first-filed rule and requires this action and the Delaware Patent Action to be litigated in Minnesota.

## III.  DISCUSSION

### A.  Motion to Dismiss Standard

Rule 12 of the Federal Rules of Civil Procedure provides that a party may move to dismiss a complaint for failure to state a claim upon which relief can be granted.  Fed. R. Civ. P. 12(b)(6).  In considering a motion to dismiss, the pleadings are construed in the light most favorable to the nonmoving party, and the facts alleged in the complaint must be taken as true. Hamm v. Groose, 15 F.3d 110, 112 (8th Cir. 1994); Ossman v. Diana Corp., 825 F. Supp. 870, 879-80 (D. Minn. 1993).  Any ambiguities concerning the sufficiency of the claims must be resolved in favor of the nonmoving party.  Ossman, 825 F. Supp. at 880.

Under Rule 8(a) of the Federal Rules of Civil Procedure, pleadings "shall contain a short and plain statement of the claim showing that the pleader is entitled to relief."  A pleading must allege "enough facts to state a claim to relief that is plausible on its face."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw a reasonable inference that the defendant is liable for the misconduct alleged."  Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009).

**B.  First-Filed Rule**

In circumstances where parallel litigation has been initiated in separate federal district courts, the "first-filed" rule will generally apply to give priority to the court which first acquired jurisdiction.  Nw. Airlines, Inc. v. Am. Airlines, Inc., 989 F.2d 1002, 1006 (8th Cir. 1993).  "The well-established rule is that in cases of concurrent jurisdiction, 'the first court in which jurisdiction attaches has priority to consider the case.'"  Id. at 1005 (quoting Orthmann v. Apple River Campground, Inc., 765 F.2d 119, 121 (8th Cir. 1985)).  Federal courts apply the first-filed rule to "conserve judicial resources and avoid conflicting rulings."  Keymer v. Mgmt. Recruiters Int'l, 169 F.3d 501, 503 n.2 (8th Cir. 1999).  "The prevailing standard is that in the absence of compelling circumstances, the first-filed rule should apply."  Nw. Airlines, 989 F.2d at 1005 (internal quotation marks and citation omitted).

This declaratory judgment action and the Delaware Patent Action involve the same parties and related issues (i.e., whether 3M is infringing the '424 patent).  Therefore, applying the first-filed rule will conserve judicial resources and avoid conflicting rulings.

Additionally, the Settlement Agreement's forum selection clause is not a "compelling circumstance" and thus will not prevent application of the first-filed rule.  The forum selection clause only applies to "disputes or actions arising out of [the] Settlement Agreement." Settlement Agreement ¶ 6.  As explained below, the Delaware Patent Action does not cause a dispute to arise out of the Settlement Agreement.  Thus, the forum selection clause does not apply.

3M argues the Delaware Patent Action triggers a dispute over the scope of the Settlement Agreement, because the parties disagree as to whether the Settlement Agreement released claims

relating to products made before the Effective Date.  3M contends that 3M products "straddling" the Effective Date fall within the release provision because the parties intended to provide a broad release over all products that were made and in existence as of the Effective Date of the Settlement Agreement.  Andover argues that its claims address infringing conduct, and should not be tied to the date an infringing product was manufactured.  Andover thus contends its claims, which are specifically asserted to address only infringing conduct occurring after the Effective Date, were not released in the Settlement Agreement.

3M's argument is an attempt to manufacture a dispute under the Settlement Agreement where none exists.  3M's position lacks any support from the plain text of the Settlement Agreement's release provision, which clearly releases <u>past claims</u> arising prior to the Effective Date, as opposed to <u>products</u> existing as of that date.  The release provision states: "[E]ach Party specifically releases . . . the other Party . . . from any and all <u>past claims, damages, demands, actions, liabilities and causes of actions</u> . . . related to the Parties' respective compression products arising prior to the Effective Date."  Settlement Agreement ¶ 6 (emphasis added).  3M's argument is also squarely contradicted by the final sentence of the release provision, which explicitly excludes claims arising after the Effective Date from the scope of the release: "The Parties each acknowledge and agree that this release does <u>not</u> extend to claims, demands, actions, liabilities, or causes of action arising <u>after</u> the Effective Date of this Agreement."  <u>Id.</u> (emphasis added).

The claims asserted in the Delaware Patent Action are limited to acts of infringement occurring after the Effective Date.  Thus, the claims are clearly and unambiguously excluded from the Settlement Agreement's release provision and do not create a dispute to which the

forum selection clause applies.  Thus, the first-filed rule will apply.

**C.  Breach of Contract**

    3M alleges Andover breached the release provision of the Settlement Agreement by suing 3M for infringement, and also breached the forum selection clause by filing suit in Delaware.  Am. Compl. ¶¶ 167-185.  As explained above, the Delaware Patent Action does not assert claims that were released under the Settlement Agreement and does create a dispute arising out of the Settlement Agreement.  Therefore, 3M's breach of contract claim fails to state a plausible claim for relief.

## IV.  CONCLUSION

    Based upon the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED:**

    1.    Defendant's Motion to Dismiss [Docket No. 11] is **GRANTED**.

    2.    Count 1 of the Amended Complaint [Docket No. 5] for Breach of Contract is **DISMISSED WITH PREJUDICE**.

    3.    Count 2 of the Amended Complaint [Docket No. 5] for Declaratory Judgment is **DISMISSED WITHOUT PREJUDICE** to the Plaintiffs' ability to assert the

defense of release in the Delaware Patent Action to the extent, if any, the release applies.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

BY THE COURT:


_____s/Ann D. Montgomery_____
ANN D. MONTGOMERY
U.S. DISTRICT JUDGE

Dated:  February 6, 2014.